IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>TRAVIS FRITZSCHING,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PART DENYING IN PART MOTION TO DISMISS<br><br>Case No. 2:15-cr-715-DN<br><br>District Judge David Nuffer |

Defendant Travis Fritzsching moves[1] to dismiss this case with prejudice due to violations of the Speedy Trial Act.[2] The United States concedes that dismissal of the indictment is appropriate due to a violation of the Speedy Trial Act, but argues that dismissal should be without prejudice.

## FACTS

1.      The United States filed a complaint against Mr. Fritzsching on November 24, 2015. On the same day, he appeared for arraignment before Magistrate Judge Furse. On December 2, 2015, a federal grand jury indicted Mr. Fritzsching in a two- count indictment charging receipt of child pornography and possession of child pornography. Mr. Fritzsching was arraigned on the charges on December 3, 2015 and a trial was scheduled for February 8, 2016.

2.      On January 4, 2016, Mr. Fritzsching filed a motion to continue the trial,[3] which tolled the time for Speedy Trial Act calculations. On January 6, 2016, the motion was granted, finding under 18 U.S.C. § 3161(h)(7) that "the ends of justice served by such a continuance

---

[1] Motion to Dismiss; Speedy Trial Act; Memorandum in Support (Motion), docket no. 53, filed February 15, 2017.

[2] 18 U.S.C. §§ 3161-3174.

[3] Motion to Continue Jury Trial & Reset Motion Cut-off, docket no. 18, filed January 4, 2016.

outweigh the best interest of the public and defendant in a speedy trial"[4] to exclude the time
between February 8, 2016 and the new trial date of May 9, 2016.

      3.     On April 12, 2016, Mr. Fritzsching filed a second motion to continue the trial.[5]
This motion tolled the time for Speedy Trial Act calculations. The motion was granted to allow
reasonable time necessary for the effective preparation and potential trial defense under 18
U.S.C. § 3161(h)(7)(B)(iv).[6] The time between the date of the order and the new trial date of
July 26, 2016 was excluded from the speedy trial computation.

      4.     On June 25, 2016, Mr. Fritzsching filed a third motion to continue the trial.[7] This
motion tolled the time for Speedy Trial Act calculations. The motion was granted, finding "under
18 U.S.C. § 3161(h)(7)(B)(iv) that additional time was needed to effectively prepare for trial,
taking into account the exercise of due diligence by defense counsel."[8] The time between the
date of the order and the new trial scheduled for November 7, 2016 was excluded from the
speedy trial computation.

      5.     Mr. Fritzsching, through new counsel, filed a motion to suppress on September
30, 2016.[9] After an evidentiary hearing and post-hearing briefing, the motion to suppress was
denied by written order on January 26, 2017.[10] It is undisputed that the time between the filing of
the motion to suppress and the order was properly excluded under the Speedy Trial Act.

---

[4] Order Resetting Motion Cut-Off and Continuing Jury Trial, docket no. 20, filed January 6, 2016.

[5] Motion to Continue Jury Trial, docket no. 22, filed April 12, 2016.

[6] Order Granting Motion to Continue Jury Trial, docket no. 23, filed April 15, 2016.

[7] Motion to Continue Jury Trial, docket no. 24, filed June 25, 2016.

[8] Order to Continue Jury Trial, docket no. 25, filed June 30, 2016.

[9] Motion to Suppress Evidence; Evidentiary Hearing Requested, docket no. 29, filed September 30, 2016.

[10] Memorandum Decision and Order Denying Defendant's Motion to Suppress Statements, docket no. 45, filed
January 26, 2017.

6.      On January 26, 2017, the court also scheduled trial for March 6, 2017.[11]

7.      Mr. Fritzsching filed a motion to continue the trial on February 13, 2017,[12] which was denied for failing to comply with Speedy Trial Act requirements.[13]

8.      On February 15, 2017, Mr. Fritzsching filed an amended motion to continue trial[14] and a motion to dismiss pursuant to the Speedy Trial Act.[15]

9.      The time between the entry of the order denying the motion to dismiss on January 26, 2017 and filing of the motion to continue on February 15, 2017 was not excluded from the Speedy Trial Act calculations resulting in a violation of 18 days.

10.      The amended motion to continue trial was granted on February 16, 2017.[16] In the order, trial was reset for April 24, 2017, and the time between February 16, 2017 and April 24, 2017 was excluded for purposes of Speedy Trial Act calculations.

11.      Mr. Fritzsching's current motion to dismiss[17] also tolls the time for Speedy Trial Act calculations.

## DISCUSSION

The parties do not dispute that a Speedy Trial Act violation has occurred which requires the case to be dismissed.[18] But they do dispute whether the case should be dismissed with or without prejudice. When dismissing a case under the Speedy Trial Act "the district court retains

---

[11] Notice of Hearing, docket no. 47, filed January 26, 2017.

[12] Motion to Continue Jury Trial; Memorandum in Support, docket no. 50, filed February 13, 2017.

[13] Docket Text Order, docket no. 51, filed February 14, 2017.

[14] Amended Motion to Continue Jury Trial, docket no. 52, filed February 15, 2017.

[15] Motion to Dismiss; Speedy Trial Act; Memorandum in Support (Motion), docket no. 53, filed February 15, 2017.

[16] Order Granting Motion to Continue Jury Trial, docket no. 54, filed February 16, 2017.

[17] Motion to Dismiss; Speedy Trial Act; Memorandum in Support (Motion), docket no. 53, filed February 15, 2017.

[18] *See* 18 U.S.C. § 3162(a)(2).

discretion to determine whether the indictment is dismissed with or without prejudice."[19] The

Speedy Trial Act directs:

> In determining whether to dismiss the case with or without prejudice, the court
> shall consider, among others, each of the following factors: the seriousness of the
> offense; the facts and circumstances of the case which led to the dismissal; and
> the impact of a reprosecution on the administration of this chapter and on the
> administration of justice.[20]

"The Supreme Court has indicated that prejudice to the defendant occasioned by the delay should

also be considered in determining whether to dismiss an indictment with or without prejudice."[21]

But application of the "severe sanction of dismissal with prejudice . . . should be reserved for

more egregious violations . . . and [is a sanction] ill-suited to an isolated and inadvertent

violation."[22] Each of the factors listed in 18 U.S.C. § 3162(a)(2) will be considered below.

### 1. Seriousness of the Offense

"If the court determines the offense committed by the defendant is serious, this factor

weighs in favor of dismissing without prejudice."[23] "One way the district court can measure the

seriousness of an offense is by considering the length of sentence Congress has adopted for that

offense."[24] Defendant Fritzsching is charged with Receipt of Child Pornography under 18 U.S.C.

§ 2252(A)(a)(2) and Possession of Child Pornography under 18 U.S.C. § 2252(A)(a)(5)(B). Each

of these charges carries a maximum prison term of 20 years. Further, a conviction of receiving

child pornography carries a mandatory minimum sentence of five years imprisonment.  The

---

[19] *United States v. Cano–Silva*, 402 F.3d 1031, 1034 (10th Cir.2005).

[20] 18 U.S.C. § 3162(a)(2).

[21] *Cano-Silva*, 402 F.3d at 1034-35.

[22] *Id*. at 1035.

[23] *United States v. Saltzman*, 984 F.2d 1087, 1092-93 (10th Cir. 1993).

[24] *United States v. Koerber*, 813 F.3d 1262, 1276-77 (10th Cir. 2016).

severe penalties that Congress has imposed for child pornography offenses evidence their serious nature. This factor weighs heavily in favor of dismissal without prejudice.

### 2. Facts and Circumstances Leading to Dismissal

"In determining whether the facts and circumstances warrant dismissal with prejudice [courts] focus on the culpability of the conduct that led to the delay. If the violation is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy."[25] Here, the facts and circumstances leading to dismissal were completely inadvertent. "The United States' failure to file a proposed order excluding time between January 26, 2017 and March 6, 2017 was not purposeful."[26] Even Mr. Fritzsching did not notice that the time from January 26, 2017 and the new trial date had not been excluded until his motion to continue the trial date was denied because it did not comply with the requirements of the Speedy Trial Act.[27] The following day, Mr. Fritzsching filed an amended motion to continue the trial[28] and the motion to dismiss based on a Speedy Trial violation.[29] Every time the trial date has been moved in this case was on a motion by Mr. Fritzsching to continue the trial date or his motion to suppress. The United States never requested that the trial be delayed. There was no "pattern of dilatory conduct or neglect"[30] by the United States or any attempt on its part to manipulate the proceedings. This Speedy Trial Act violation occurred through an unintentional oversight by the United States when it failed to request an

---

[25] *Cano-Silva*, 402 F.3d at 1036 (internal quotations and citation omitted).

[26] Government's Memorandum in Response to Defendant's Motion to Dismiss Pursuant to Speedy Trial Act (Response) at 8, docket no. 58, filed February 15, 2017.

[27] Motion to Continue Jury Trial; Memorandum in Support, docket no. 50, filed February 13, 2017; Docket Text Order, docket no. 51, filed February 14, 2017.

[28] Amended Motion to Continue Jury Trial, docket no. 52, filed February 15, 2017.

[29] Motion to Dismiss; Speedy Trial Act; Memorandum in Support (Motion), docket no. 53, filed February 15, 2017.

[30] *Cano-Silva*, 402 F.3d at 1036 (internal quotations and citation omitted).

exclusion of the time after the resolution of the motion to suppress and the newly set trial date. Accordingly, this factor also favors dismissal without prejudice.

### 3. Impact of Reprosecution on the Administration of the Speedy Trial Act and on the Administration of Justice

"For this last enumerated factor, 'a court should consider, [among other things], whether the delay caused by the government was intentional and the prejudice suffered by the defendant from the Act's violation. The length of delay is also relevant.'"[31] Mr. Fritzsching claims that because he has been incarcerated awaiting trial for over a year, "[r]eprosecution would thwart the ends sought to be enforced and addressed by the Speedy Trial Act, to ensure a speedy and efficient resolution to a case."[32] Mr. Fritzsching also states that "this Court is well aware" that he "suffers from retardation and mental and emotional instability" and "[t]hese issues have been exacerbated by the delay in this matter."[33]

The statement that the court is "well aware" that Mr. Fritzsching "suffers from retardation and mental and emotional instability" is incorrect and misleading. Mr. Fritzsching's defense counsel has never provided the court with any medical records containing a diagnosis or documentary evidence of these claims. The court has reviewed and accepted defense counsels' representations contained in the motions that Mr. Fritzsching suffers from unspecified mental health issues. But findings as to these mental health claims have not been made. Defense counsels' request for a hearing on this issue to determine prejudice to Mr. Fritzsching is not warranted at this time. Every delay in this case, except for the 18 days of time inadvertently not excluded, was at the request of, and with the agreement of Mr. Fritzsching while he was

---

[31] *Koerber*, 813 F.3d at 1285 (quoting *United States v. Toombs*, 713 F.3d 1273, 1281 (10th Cir. 2013).

[32] Motion at 7.

[33] Reply Memorandum  in Support of Defendant's Motion to Dismiss; Speedy Trial Act Request for Hearing (Reply) at 2, docket no. 59, filed March 21, 2017.

incarcerated. Mr. Fritzsching has not been prejudiced by any unnecessary or lengthy delay due to any action by the United States.

Under 18 U.S.C. § 3299, "an indictment may be found or an information instituted at any time without limitation" for the felony charges of receiving and possession of child pornography Mr. Fritzsching faces. Consequently, the administration of justice will be best served by dismissal without prejudice. Reprosection of Mr. Fritzsching on these serious charges would not frustrate the administration of the Speedy Trial Act and would support the administration of justice.

**ORDER**

IT IS HEREBY ORDERED that the Motion to Dismiss[34] is GRANTED IN PART and DENIED IN PART, as follows:

1.      The Motion is GRANTED and the case is DISMISSED due to a violation of the Speedy Trial Act.

2.      The Motion to dismiss with prejudice is DENIED.

3.      This case is DISMISSED WITHOUT PREJUDICE.

4.      The clerk is directed to close this case.

Signed March 28, 2017.

BY THE COURT

District Judge David Nuffer

---

[34] Docket no. 53.